**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| | `NO.  1:11-CV-01440-LJO -MJS` |
| **BARRY BAUER, ET AL. ,** | `ORDER SETTING MANDATORY` |
| | `SCHEDULING CONFERENCE` |
| Plaintiff(s), | |
| | `DATE: December 8, 2011` |
| v. | `TIME: 10:30 AM` |
| **KAMALA D. HARRIS, ET AL.,** | `COURTROOM: #6 (6th Floor)` |
| Defendant(s). | `MICHAEL J. SENG` |
| _____ / | `U.S. MAGISTRATE JUDGE` |

Rule 16 of the Federal Rules of Civil Procedure requires the Court to enter a Scheduling Order within 120 days of service of the complaint upon the Defendant.  Pursuant thereto, you are ORDERED to appear for a formal Scheduling Conference before United States Magistrate Judge Michael J. Seng, in Courtroom 6 at the United States Courthouse, 2500 Tulare Street, Fresno, CA 93721, at the time and date specified above.

I.      **Service to be Complete**

The Court is unable to conduct a Scheduling Conference until Defendant[1] has been served with the summons and complaint. Accordingly, Plaintiff shall diligently pursue service of the

---

[1]This Order will refer to the parties in the singular regardless of the number of parties named in the complaint. This Order applies equally to all parties.

Case 1:11-cv-01440-LJO -MJS  Document 5  Filed 08/26/11  Page 2 of 10

summons and complaint and dismiss those Defendants against whom

Plaintiff will not pursue claims.  Counsel are referred to

Federal Rule of Civil Procedure 4 regarding the requirement of

timely service of the complaint.  Failure to timely serve the

summons and complaint may result in the imposition of sanctions,

including the dismissal of unserved Defendants.  When service

is effectuated, Plaintiff shall promptly file proofs of service.

**II.      Service of this Order**

If this Order is served on counsel for Plaintiff before

Defendant has appeared, counsel for the Plaintiff shall serve a copy

of this Order on the Defendant, or, if identified, on Defendant's

counsel, promptly upon receipt of this Order.  Plaintiff's counsel

also shall file an appropriate proof of such service with the Court

in compliance with Rule 135(a) of the Local Rules of Practice

for the Eastern District of California.

**III.      Attendance at Conference**

Attendance at the Scheduling Conference is **mandatory** for

counsel and each party not represented by counsel.  Though usually

quite brief, some Conferences last forty-five minutes to an hour.

Only counsel who are thoroughly familiar with the facts and

the law of the case and who have full authority to bind the

client shall appear.  Trial counsel should participate in this

Scheduling Conference whenever possible.

Personal appearances are encouraged, but unless the Court

orders otherwise, counsel may appear telephonically by making

reservations through Court Call at 866-582-6878.  Counsel are

directed to send confirmation of Court Call reservations to

MJSorders@caed.uscourts.gov and lyu@caed.uscourts.gov.  Additionally,

1 | counsel are to indicate on the face page of their Joint Scheduling

2 | Report that the conference will be telephonic.

3 | **IV.**    <u>**Pre-Conference Meet and Confer**</u>

4 | At least twenty (20) days prior to the Mandatory Scheduling

5 | Conference, the expected trial counsel for all parties shall conduct

6 | a conference at a time and place arranged by counsel for the

7 | Plaintiff.  The parties are encouraged to hold a conference with

8 | all counsel **personally** present but, because of the size of the

9 | District and concern for client costs, a telephonic conference call

10 | among all counsel is permissible.

11 | **V.**    <u>**Settlement to be Discussed**</u>

12 | Among other things, counsel will be expected to discuss the

13 | possibility of settlement with the Court at the Scheduling

14 | Conference.  Accordingly, counsel are to thoroughly discuss

15 | settlement with each other before preparing the Joint Scheduling

16 | Report (discussed below) or engaging in extensive discovery.

17 | However, even if settlement negotiations are underway, the parties

18 | are to comply with the requirements of this Order unless otherwise

19 | excused by the Court.

20 | If the case is settled, counsel must **promptly** inform the

21 | Court.  Once such notice is given, the filing of a Joint Scheduling

22 | Report and attendance at a Scheduling Conference will be excused.

23 | **VI.**    <u>**Joint Scheduling Report Content**</u>

24 | A Joint Scheduling Report, thoughtfully prepared and executed

25 | by all counsel, shall be electronically filed in CM/ECF one (1) full

26 | week prior to the Scheduling Conference and be e-mailed, in

27 | WordPerfect (preferred) or Word format, to mjsorders@caed.uscourts.gov.

28 | The Joint Scheduling Report shall indicate the date, time, and

courtroom of the Scheduling Conference opposite the caption on the

first page of the Report.

The Joint Scheduling Report shall address each of the following items in correspondingly numbered paragraphs.

1. **Contentions.**  A summary of the factual and legal contentions as reflected in the pleadings of each party and a statement of the relief sought by each party.

2. **Amendments.**  A proposed deadline for amendments to the pleadings.  Any amendment which reasonably could be anticipated as of the date of the Conference *shall* be filed contemporaneously with the Scheduling Conference Report.  If issues regarding amendment are not resolved at the Scheduling Conference, a motion to amend deadline may be set in accordance with Court rules.

3. **Facts.**  A summary detailing the uncontested and contested facts.

4. **Legal Issues.**  A summary of the legal issues as to which there are no disputes, i.e., jurisdiction, venue, applicable federal or state law, etc., and a summary of the disputed legal issues.

5. **Pending Matters Status.**  The status of all matters (motions, hearings, etc.) presently set before the Court in this case.

6. **Discovery Plan.**  A complete and detailed discovery plan addressing the following:

(a)  A firm date for the exchange of initial Rule 26(a)(1) disclosures or a statement that disclosures have been exchanged;

      (b)  A firm deadline for conducting non-expert discovery;

      (c)  Firm date(s) for disclosure of expert witnesses as required by Rule 26(a)(2);

      (d)  A firm cut-off date for expert witness discovery;

      (e)  **If applicable[2]:**

          (i)   Any proposed changes in the limits on discovery imposed by Rule 26(b); 30(a)(2)(A), (B) or (C); 30(d); or 33(a);

          (ii)  A statement as to whether the parties anticipate the need for a protective order relating to the discovery of personal, medical, financial, commercial or other confidential information;

          (iii) Identification of any unique issues or proposals relating to the timing/sequencing/ phasing/scheduling of discovery;

          (iv)  A statement of whether the parties anticipate discovery outside the United States and, if so, a description of the proposed discovery;

          (v)   A statement of whether any party anticipates video and/or sound recording of depositions;

          (vi)  A statement as to whether a Mid-Discovery Status Report and Conference might be productive and, if so, a proposed date for same;

---

[2] Items (e)(i) thru (e)(vi) need not be addressed if the items listed therein do not apply and are not requested in this case.

7.   **Electronic media discovery.**  The parties shall
state whether they anticipate discovery of electronic,
digital and/or magnetic data.  The parties are directed
to review and ensure compliance with the specific
instructions regarding electronic discovery set out as
Appendix A, at the end of this Order.  The Joint
Scheduling Report shall summarize the parties'
conference relating to discovery of electronic data.

8.   **Other dates and deadlines.**  The parties shall set out
deadlines agreed to by all counsel for:

(a)  Filing non-dispositive motions (e.g., to remand,
amend, compel discovery, etc.) and filing and
hearing dispositive pre-trial motions (e.g., to
dismiss, to strike, for summary adjudication or
judgment, etc.).  Motions other than motions in
*limine* or other trial motions will not be
entertained after the agreed-upon deadline.  The
proposed deadline for hearing dispositive motions
shall be at least seven weeks prior to the proposed
Pre-Trial Conference date[3].

(b)  Pre-Trial Conference date, which shall be at least
six (6) weeks prior to the proposed trial date.

(c)  Trial Date.

All proposed dates should be considered firm
dates.  Dates should be set to allow the Court

/////

---

[3]This interval and the interval between the Pre-Trial Conference and trial
may be shortened and the trial date may be advanced if the parties consent to
Magistrate Judge jurisdiction.

6

the time to decide submitted matters before the

Pre-Trial Conference.

9. **Settlement.**  A statement reflecting the parties

estimation of settlement (keeping in mind, and advising

ones' clients, that approximately 98% of cases filed in

this court settle).  Counsel shall state whether they

want a settlement conference and, if so, when relative

to discovery cut-offs, designations of experts, and

other pre-trial deadlines and before whom they would

like the settlement conference to be held.

10. **Jury v. Court Trial.**  A statement as to whether the

case is a jury or non-jury case.  If the parties

disagree as to whether a jury trial has been properly

demanded or is available on all claims, the statement

shall include a summary of each party's position.

11. **Trial time estimate.**  An estimate of the number of trial

days required.  If counsel do not agree, each shall

give a best estimate.  In estimating the number of trial

days, counsel should keep in mind that the Court

normally devotes the entire day to trial.

12. **Magistrate Judge Jurisdiction.**  District Judges'

dockets are extremely crowded.  Magistrate Judges'

dockets generally allow more flexibility, the ability

to commit to agreed trial dates, and the ability to

provide prompt decisions following Court trials.

Court trials may be held at the Yosemite Courthouse if

all parties agree.  All non-dispositive motions are

routinely heard by the Magistrate Judge in any event,

and many dispositive motions are addressed first by the Magistrate Judge who makes Findings and Recommendations to the District Judge.  Accordingly, the parties should carefully consider and address whether to consent to the jurisdiction of a U.S. Magistrate Judge for all purposes, including trial, pursuant to 28 U.S.C. section 636(c).  The issue of consent will be discussed further at the Scheduling Conference.

13. **Bifurcation, etc.**  A statement as to whether either party requests bifurcation or phasing of trial or has any other suggestion for shortening or expediting discovery, pre-trial motions or trial.

14. **Related Matters.**  A statement as to whether this matter is related to any matter pending in this court or any other court, including any bankruptcy court.

**VII.**    <u>**Sanctions for non-compliance**</u>

**IF COUNSEL OR A PARTY APPEARING PRO SE FAILS TO APPEAR AT THE MANDATORY SCHEDULING CONFERENCE OR FAILS TO COMPLY WITH THE DIRECTIONS IN THIS ORDER, AN <u>EX PARTE</u> HEARING MAY BE HELD AND JUDGEMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGEMENT MAY BE ENTERED, AND/OR SANCTIONS, INCLUDING CONTEMPT OF COURT, MAY BE IMPOSED AND/OR ORDERED.**

<u>/s/  MICHAEL J. SENG</u>

UNITED STATES MAGISTRATE JUDGE

8

APPENDIX A: ELECTRONIC MEDIA DISCOVERY REQUIREMENTS

Prior to a Rule 26 (f) conference, counsel should carefully investigate their client's information management system to ensure they are knowledgeable as to its operations, how information is stored, and how it can be retrieved.  Counsel shall make reasonable efforts to review the client's computer files to ascertain the contents of existing as well as archival and legacy data (outdated formats or media) and disclose in the Rule 26(a)(1) initial disclosure the computer based evidence which may be used to support claims or defenses.

    **(A)**    **Duty to Notify.**  A party seeking discovery of computer-based information shall notify the opposing party as soon as practicable, but no later than the Rule 26(f) conference, of that fact and identify as clearly as possible the categories of information which may be sought.

    **(B)**    **Duty to Meet and Confer.**  The parties shall meet and confer regarding the following matters during the Rule 26(f) conference:

        (i)    <u>Computer-based information (in general).</u>
Counsel shall attempt to agree on steps the parties will take to segregate and preserve computer-based information in order to avoid accusations of spoilation;

        (ii)  <u>Email information.</u>  Counsel shall attempt to agree as to the scope of the email discovery and attempt to agree upon an email search protocol.  This should include an agreement regarding inadvertent production of privileged email messages.

////

9

(iii) <u>Deleted information.</u>  Counsel shall confer and
attempt to agree whether or not restoration of deleted
information may be necessary, the extent to which
restoration of deleted information is needed, and who
will bear the costs of restoration; and

(iv)  <u>Back-up data.</u>  Counsel shall attempt to agree
whether or not back-up data may be necessary,
the extent to which backup data is needed and who
will bear the cost of obtaining backup data.