C. D. Michel - S.B.N. 144258
Sean A. Brady - S.B.N. 262007
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: 562-216-4444
Facsimile: 562-216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## FRESNO BRANCH COURTHOUSE

| | |
|---|---|
| BARRY BAUER, STEPHEN WARKENTIN, NICOLE FERRY, LELAND ADLEY, JEFFREY HACKER, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., CALIFORNIA RIFLE AND PISTOL ASSOCIATION FOUNDATION, HERB BAUER SPORTING GOODS, INC., <br><br> Plaintiffs <br><br> vs. <br><br> KAMALA HARRIS, in Her Official Capacity as Attorney General For the State of California; STEPHEN LINDLEY, in His Official Capacity as Acting Chief for the California Department of Justice, and DOES 1-10, <br><br> Defendants. | CASE NO. 1:11-cv-01440-LJO-MJS <br><br> **STIPULATION TO EXTEND DISCOVERY CUT-OFF DATES AND ORDER** |

# I.

# **INTRODUCTION**

The parties, Plaintiffs Barry Bauer, Stephen Warkentin, Nicole Ferry, Leland Adley, Jeffrey Hacker, National Rifle Association of America, Inc., California Rifle and Pistol Association Foundation, Herb Bauer Sporting Goods, Inc. (collectively "Plaintiffs") and Defendants Attorney General Kamala D. Harris and Chief of the Firearms Bureau Stephen Lindley (collectively "Defendants"), through their respective attorneys of record, hereby jointly stipulate to a 60-day extension of the currently scheduled discovery deadlines as set forth below.

# II.

# **RECITALS/GROUNDS FOR RELIEF**

Pursuant to Rule 16, a party may seek modification of a scheduling order, including modification of a discovery cut-off date, "only for good cause and with a judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a scheduling deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Schaffner v. Crown Equipment Corporation*, No. C 09-00284 SBA, 2011 WL 6303408, at *2 (N.D. Cal. Dec. 16, 2011) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A party may establish good cause by showing

> (1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that he or she could not comply with the order.

*Hood v. Hartford Life & Accident Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (citation omitted).

1   WHEREAS the current deadline to complete all non-expert discovery is
2   February 27, 2013.
3   WHEREAS Plaintiffs requested that Defendants stipulate to extend the
4   written discovery cut-off deadline because Plaintiffs believe that additional time is
5   needed to remedy a good faith misunderstanding between the parties and
6   adequately and fairly complete the discovery process;
7   WHEREAS the parties originally believed at the time of the Rule 16
8   scheduling conference that non-expert discovery would be completed by the
9   current discovery cut-off deadline and worked together to prepare a comprehensive
10  proposed scheduling report for the Court's convenience;
11  WHEREAS the parties encountered a good-faith misunderstanding as to the
12  appropriate scope of non-expert discovery in this case, which has resulted in
13  postponement of depositions and other issues and makes compliance with the
14  current discovery cut-off date unlikely;
15  WHEREAS the parties are currently and diligently negotiating in good faith
16  to resolve the misunderstanding and are currently in the process of re-evaluating
17  their prospective positions to reach an informal resolution and complete non-expert
18  discovery in light of developments;
19  WHEREAS the current non-expert discovery deadline is fast approaching
20  and is putting pressure on the parties, thereby creating a situation that may become
21  more adversarial than otherwise need be;
22  WHEREAS extending the deadline pursuant to this stipulation will allow the
23  parties an opportunity to negotiate informally to complete the discovery process
24  without further involvement with the court;
25  WHEREAS the parties make this request to extend the written discovery cut-
26  off date almost an entire month prior to its arrival, and only after diligent attempts
27  by both parties to avoid such, but ultimately concluding doing so is not feasible;
28

AND WHEREAS, THE PARTIES STIPULATE AND AGREE TO THE FOLLOWING:

1. To extend the non-expert discovery cut-off deadline 60 days, to April 29, 2013.

**SO STIPULATED.**

Dated: January 22, 2013                **MICHEL & ASSOCIATES, P.C.**

/s/ C. D. Michel
C. D. Michel
Attorney for Plaintiffs

Dated: January 22, 2013                **Deputy Attorney General**

/s/ Anthony R. Hakl
Anthony R. Hakl
(as approved on January 22, 2013)
Attorney for Defendants

### ORDER

The Stipulation of the parties is accepted and the deadline for discovery of non-expert witnesses is extended to April 29, 2013.

IT IS SO ORDERED.

Dated: January 23, 2013        /s/ Michael J. Seng
                                UNITED STATES MAGISTRATE JUDGE