C. D. Michel - S.B.N. 144258
Sean A. Brady - S.B.N. 262007
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: 562-216-4444
Facsimile: 562-216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# FRESNO BRANCH COURTHOUSE

| | |
|---|---|
| BARRY BAUER, STEPHEN WARKENTIN, NICOLE FERRY, LELAND ADLEY, JEFFREY HACKER, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., CALIFORNIA RIFLE AND PISTOL ASSOCIATION FOUNDATION, HERB BAUER SPORTING GOODS, INC., <br><br> Plaintiffs <br><br> vs. <br><br> KAMALA HARRIS, in Her Official Capacity as Attorney General For the State of California; STEPHEN LINDLEY, in His Official Capacity as Acting Chief for the California Department of Justice, and DOES 1-10, <br><br> Defendants. | CASE NO. 1:11-cv-01440-LJO-MJS <br><br> **STIPULATION TO VACATE RULE 16 SCHEDULING ORDER AND ORDER** |

# I.

# **INTRODUCTION**

The parties, Plaintiffs Barry Bauer, Stephen Warkentin, Nicole Ferry, Leland Adley, Jeffrey Hacker, National Rifle Association of America, Inc., California Rifle and Pistol Association Foundation, Herb Bauer Sporting Goods, Inc. (collectively "Plaintiffs") and Defendants Attorney General Kamala D. Harris and Chief of the Firearms Bureau Stephen Lindley (collectively "Defendants"), through their respective attorneys of record, hereby jointly stipulate to vacate all deadlines contained in the current scheduling order, in light of Senate Bill 140 becoming law, which materially affected the nature of Plaintiffs' case. The parties also jointly request that this Court order a case management conference at such time as the Court deems convenient in order to create a new scheduling order.

# II.

# **RECITALS/GROUNDS FOR RELIEF**

Pursuant to Rule 16, a party may seek modification of a scheduling order "only for good cause and with a judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a scheduling deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Schaffner v. Crown Equipment Corporation*, No. C 09-00284 SBA, 2011 WL 6303408, at *2 (N.D. Cal. Dec. 16, 2011) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A party may establish good cause by showing:

> (1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that he or she could not comply with the order.

*Hood v. Hartford Life & Accident Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008) (citation omitted).

1     WHEREAS the parties have been and are currently and diligently acting in
2 good faith to reach a resolution on this case in a manner that most effectively
3 utilizes resources of both parties as well as the resources of the Court (See
4 Declaration of Sean A. Brady (hereinafter "Brady Decl.") at ¶¶ 5-8);
5     WHEREAS Senate Bill 140 (SB 140), a bill appropriating monies collected
6 from one of the Challenged Fees in this action, was recently signed into law by
7 Governor Brown on May 1, 2013 (See Brady Decl. at ¶ 3);
8     WHEREAS SB 140 significantly alters the legal landscape with respect to
9 this lawsuit such that it affects the scope of the legal challenge, as well as the
10 discovery Plaintiffs will seek (See Brady Decl. at ¶ 4);
11     WHEREAS the parties worked together diligently to prepare a
12 comprehensive proposed scheduling report for the Court's convenience at the
13 inception of this case, but at the time of the Rule 16 scheduling conference the
14 parties could not have known that SB 140 would be passed into law and affect this
15 lawsuit as it does (See Brady Decl. at ¶ 5) ;
16     WHEREAS both parties agreed that dedicating Court and party resources to
17 continue discovery and litigation while the fate of SB 140 was pending would
18 result in potential waste and they informally agreed to postpone Defendants'
19 responses to Plaintiffs' written discovery requests and Defendant Chief Lindley's
20 deposition until SB 140's fate was known so that both parties could evaluate SB
21 140's impact on their respective positions without the mounting cost and pressure
22 of litigation acting as a burden for both the Court and the parties (See Brady Decl.
23 at ¶ 6);
24     WHEREAS the parties previously agreed to file a stipulation to vacate the
25 scheduling order and stay the case pending resolution of SB 140, but were unable
26 to file such stipulation before SB 140 passed (See Brady Decl. at ¶¶ 7-8);
27     WHEREAS the April 29, 2013 deadline to complete all non-expert
28 discovery under the current scheduling order has passed, and there remain

1 | outstanding discovery responses from Defendants, which could, without relief from
2 | the discovery cut-off, unnecessarily prompt discovery law and motion (See Brady
3 | Decl. at ¶ 10);
4 |     WHEREAS, as of the date that SB 140 was signed, the parties were engaged
5 | in meet-and-confer efforts regarding such written discovery responses, and, as a
6 | result of the passage of SB 140, such outstanding discovery responses no longer
7 | fully address the issues the parties seek to try in light of the passage of SB 140 (See
8 | Brady Decl. at ¶¶ 11-12);
9 |     WHEREAS Plaintiffs believe this action cannot be properly adjudicated
10 | without additional such discovery concerning the impact of SB 140 on the nature
11 | of the Challenged Fee, and desire to conduct new discovery to address the primary
12 | issues that will be relevant to the streamlined claims in the lawsuit, in lieu of
13 | bringing law and motion on the existing outstanding discovery (See Brady Decl. at
14 | ¶ 12);
15 |     WHEREAS other deadlines are fast approaching that will be impossible or
16 | unduly burdensome and prejudicial for Plaintiffs to meet (See Brady Decl. at ¶ 9);
17 |     WHEREAS the parties have been meeting and conferring since SB 140's
18 | passage into law in order to address the most effective and economic route for
19 | proceeding with this litigation (See Brady Decl. at ¶ 13);
20 |     WHEREAS the parties have agreed that the best course of action for the
21 | parties and the Court is for Plaintiffs to amend their complaint in light of SB 140,
22 | in order to reduce the issues to be tried and to streamline the lawsuit into a single
23 | Second Amendment claim challenging only one of the fees currently at issue in this
24 | litigation, and to set a new scheduling order accordingly (See Brady Decl. at ¶ 14);
25 |     WHEREAS the parties have been diligent and have acted in good faith in
26 | working together to seek amendment of the scheduling order promptly after the
27 | passage of SB 140 (See Brady Decl. at ¶ 16);
28 | / / /

THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL, HEREBY STIPULATE AND AGREE TO THE FOLLOWING:

1. To vacate all deadlines provided in the Court's Rule 16 Scheduling Order from August 10, 2012, including the extended deadline for discovery of non-expert witnesses provided in the Court's January 23, 2013 Order;

2. To request that this Court order a case management conference at such time or as the Court deems convenient.[1]

**SO STIPULATED.**

Dated: May 22, 2013                    **MICHEL & ASSOCIATES, P.C.**

/s/ C. D. Michel
C. D. Michel
Attorney for Plaintiffs

Dated: May 22, 2013                    **Deputy Attorney General**

/s/ Anthony R. Hakl
Anthony R. Hakl
(as authorized on May 22, 2013)
Attorney for Defendants

5
STIPULATION AND ORDER

# ORDER

Good cause appearing, the above Stipulation in case number 1:11-cv-01440-LJO-MJS is approved and all post-August 10, 2012, dates and deadlines provided in the Court's Rule 16 Scheduling Order, as amended to provide an extended deadline for discovery of non-expert witnesses as per the Court's January 23, 2013 Order, are vacated. A further Scheduling Conference shall be held August 8, 2013 at 10:30 a.m. in Courtroom 6 (MJS) before Magistrate Judge Michael J. Seng.

IT IS SO ORDERED.

Dated: May 28, 2013         /s/ *Michael J. Seng*
                            UNITED STATES MAGISTRATE JUDGE